IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSEPH ALTIER, et al.,

    Plaintiffs,

v.                                                         Case No. 1:16-cv-296-MW-GRJ

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 6, Defendant's Motion to Dismiss. Plaintiffs have filed a response in opposition. (ECF No. 8.) The motion is therefore ripe for review. For the following reasons, it is recommended that the motion to dismiss be granted.[1]

## I. BACKGROUND

Plaintiffs, husband and wife, initiated this action under 28 U.S.C. § 1331 purporting to allege claims for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1639, *et seq.* Plaintiffs allege they are residents of Orange County, Florida. Their claims stem from the execution of a

---

[1] Defendant also filed a request for oral argument on its motion to dismiss. (ECF No. 9.) The undersigned concludes that at this juncture oral argument is not necessary to resolve the motion to dismiss. Defendant's request is therefore denied.

promissory note and mortgage, which are the subject of a foreclosure action filed in the Alachua County Circuit Court. *See Fed. Nat'l Mortgage Ass'n v. Altier*, No. 01-2014-CA-002751 (Fla. Alachua County Ct. July 30, 2014).

This is not the first time Plaintiffs have attempted to void the same promissory note and mortgage. *See Altier v. Fed. Nat'l Mortg. Ass'n,* No. 1:13-cv-164-MW-GRJ, ECF No. 1 (N.D. Fla. Aug. 16, 2013).  The previous case concerns a quiet title complaint Plaintiffs filed In 2013, in the Circuit Court for the Eighth Judicial Circuit in and for Alachua County, Florida. *Id.* There, Plaintiffs brought various claims to quiet title to the real property that is the subject of the mortgage. In the previous state court quiet title action Plaintiff purported to bring claims for fraud in the execution of the assignment of the mortgage, misrepresentation, and violation of TILA alleging the assignment of the mortgage was not timely recorded. In addition to the request to quiet title, Plaintiffs also requested the state court to enter an order voiding the mortgage, thus relieving Plaintiffs from the obligation to repay the loan secured by the mortgage.  The defendants in that case (which included the Federal National Mortgage Association) removed the case to federal court. After the case was removed the Court on December 6, 2013, dismissed Plaintiffs claims on the grounds that

Plaintiffs lacked standing to challenge the validity of the assignment, Plaintiffs' challenges to the validity of the mortgage and assignment failed as a matter of law, and Plaintiffs failed to state a claim for relief. *Id.*, ECF Nos. 26–28.[2] Defendant then initiated the foreclosure action in state court, which eventually resulted in the entry of final judgment and a certificate of sale in favor of Defendant.

The underlying mortgage and promissory note in this case were executed on November 3, 2005. As evidenced by the documents filed in the previous state court action Plaintiffs executed a promissory note in the amount of $166,000 in favor of SunTrust Mortgage, Inc. (ECF No. 6, Ex. A ("Note")).[3] Plaintiffs contemporaneously executed a mortgage securing real property located at 216 NE 10th Avenue, Gainesville, Florida, 32601, as collateral for the mortgage (*Id.*, Ex. B ("Mortgage")).[4] As evidenced by the

---

[2] Although Plaintiffs did not appeal the Court's order dismissing their claims to Court of Appeals for the Eleventh Circuit, they did file a petition for a writ of mandamus. *Altier*, No. 1:13-cv-164-MW-GRJ, ECF No. 29. The Eleventh Circuit denied their petition. *Id.*

[3] Plaintiffs do not challenge the authenticity of this document and the promissory note is central to Plaintiffs' claims.

[4] The Mortgage was recorded in Official Records Book 3255, Page 1361, of the Public Records of Alachua County, Florida, on November 8, 2005. *See* Mortgage at 1. Plaintiffs do not challenge the authenticity of this document and the mortgage is central to Plaintiffs' claims.

mortgage the property was Plaintiffs' second home.[5] On September 6, 2012, SunTrust Mortgage Inc. assigned the mortgage to Federal National Mortgage Association ("FNMA". (*Id.*, Ex. C ("Assignment")).[6]

On January 13, 2015, a final judgment of foreclosure was entered in favor of Defendant with respect to Plaintiffs' property. *See Fed. Nat'l Mortg. Ass'n v. Altier*, No. 01-2014-CA-002751 (Fla. Alachua County Ct. July 30, 2014).[7] The foreclosure was scheduled for September 6, 2016. *Id.*

On August 22, 2016, however, Plaintiffs allege they sent a rescission notice to: (1) Defendant; (2) Suntrust Mortgage, Inc.; (3) Seterus, Inc.; (4) Rushmore Loan Management Services; and (5) the Consumer Financial Protection Bureau. (ECF No. 1 at 2, 8.) The notice asserted that Plaintiffs

---

[5] *See,* Second Home Rider, attached to the mortgage in Case No. 1:13-cv-164-MW-GRJ, ECF No. 1-4, page 19.

[6] The Assignment was recorded in Official Records Book 4143, Page 1233, of the Public Records of Alachua County, Florida, on October 17, 2012. *See* Assignment. Plaintiffs do not challenge the authenticity of this document and the assignment is central to Plaintiffs' claims.

[7] Although Plaintiffs' complaint does not inlcude allegations concerning the matters leading up to the filing of the complaint, the Court may nonetheless take judicial notice of the documents filed in Plaintiffs' foreclosure proceeding in state court. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (finding that the district court properly took judicial notice of documents in plaintiff's first case, "which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned'"). There is question that based on the mortgage loan number provided by Plaintiffs in the notice of rescission attached to their complaint, and the promissory note and mortgage attached to Defendant's motion to dismiss, that the foreclosure proceeding in state court concerned the same property, note, and mortgage, as the instant complaint.

were rescinding the loan due to violations of TILA, including but not limited to the unlawful failure to give timely and proper notices required under TILA. (*Id.* at 8.) Plaintiffs further advised in the notice that they were rescinding the mortgage loan "due to recently discovered fraud, concealment, non-disclosure, white collar crime, R.I.C.O. crime and more at alleged closing." (*Id.*) Plaintiffs asserted in the notice that the note and security interest in the home were null and void and demanded that the parties terminate their security interest in the loan, return the cancelled note, and refund all payments. (*Id.*)

Six days elapsed without response from the parties to whom the notice had been sent. (*Id.* at 2.) Plaintiffs then filed the complaint in this case. Plaintiffs also filed a notice of lis pendens concerning the real property located at 216 NE 10th Avenue, Gainesville, Florida 32601. (ECF No. 3.)

As relief Plaintiffs seek a temporary and permanent injunction enjoining Defendant from taking any affirmative action or seeking any relief with respect to the loan. (ECF No. 1 at 3–4.) Plaintiffs claim Defendant is proceeding with a non-judicial sale and that Plaintiffs will be irreparably damaged should Defendant continue to pursue the wrongful foreclosure in violation of TILA. (*Id.* at 4.) Plaintiffs allege Defendant will likely fail or

refuse to comply with its rescission duties under TILA. (*Id.* at 4–6.) Thus, Plaintiffs also seek a mandatory injunction, ordering Defendant to (1) return the cancelled note to Plaintiffs, (2) release any encumbrances or liens arising out of the loan contract, and (3) pay Plaintiffs all monies received from Plaintiffs, all monies earned by all parties paid as a commission, and all fees and interest thereon. (*Id.* at 5–6.)

## II.  STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiffs, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief.  In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their

conclusory nature that "disentitles them to the presumption of truth." *Id.* at 679. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[8]

On a motion to dismiss, the Court ordinarily must limit its consideration to the complaint and written instruments attached as exhibits. *See U.S. ex rel. Osheroff v. Humana*, 776 F.3d 805, 811 (11th Cir. 2015). Nonetheless, "a district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the [p]laintiff's claim, and (2) its authenticity is not challenged." *Id.* (noting that the records of plaintiff's underlying Florida Supreme Court case were plainly central to his claims and that plaintiff did not challenge the authenticity of the records); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)."Courts may take

---

[8] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage." *Humana*, at 811 n.4.

### III. DISCUSSION

Defendant requests the Court to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted. Specifically, Defendant contends Plaintiff has failed to state a claim for rescission under TILA. Further, Defendant argues that even if Plaintiff had stated a claim for rescission, Plaintiffs are not entitled to injunctive relief under TILA.

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998).

Plaintiffs' claim in this case is based upon the incorrect assumption that they are entitled to rescission of the mortgage and note under TILA. Based upon the plain language of TILA, Plaintiffs have no right of rescission because the rescission provisions of TILA do not apply to second homes and do not apply to residential mortgage transactions where the borrower uses the borrowed funds to purchase or construct the

dwelling. Specifically, under 15 U.S.C. § 1635(a) of TILA the rescission provisions apply to "[a]ny property which is used as the principal dwelling of the person to whom credit is extended ... " Additionally, TILA does not apply to residential mortgages used to finance the initial acquisition or construction of the dwelling. *Dunn v Bank of America, N.A.,* 844 F. 3d 1002, 1005 (8th Cir. 2017)("based on the plain language of the statute, an obligor to a loan which qualifies as a residential mortgage transaction is not entitled to the right of rescission under § 1635(a).") In short, a borrower has no right to rescission under TILA where the loan involves a purchase money mortgage or where the transaction involves a second home.

Plaintiffs' transaction falls into both categories. There is little question that the property was a second home. Attached to the mortgage is a Second Home Rider, in which Plaintiffs represented to the lender (SunTrust Mortgage, Inc.) that they would only occupy and use the property as Plaintiffs' second home.[9]

Second, the original loan from Suntrust that was assigned to FNMA appears to be a purchase money mortgage, thus exempting the transaction from TILA. Under 15 U.S.C. § 1635(e) certain listed transactions are exempted from TILA. One of those exempted transactions

---

[9] ECF No. 1-4, p. 19, Case No. 1:13-cv-164-MW-GRJ.

is " a residential mortgage transaction as defined in section 1602(w)[10] of this title." Under § 1602(x) a residential mortgage transaction is "a transaction in which a mortgage ... is created or retained against the consumer's dwelling to finance the acquisition ... of such dwelling." Accordingly, because the property is not Plaintiffs' principal dwelling and the loan, which was secured by the note and mortgage in this case, was to acquire the property, Plaintiffs have no right to rescission under TILA. Because they have no right to rescission Plaintiffs' notice of rescission was a nullity that did not require the Defendant to respond or do anything.

Plaintiffs' argument in response to Defendant's motion to dismiss is spurious. Plaintiffs say that the argument that they have no right to rescission is moot and irrelevant because Defendant lost all rights by failing to timely respond within twenty days after receipt of the notice of rescission. (ECF No. 8 at 4.) This argument makes no sense. While a mortgage holder is required to take action within 20 days after receipt of a notice of rescission this obligation only arises where the borrower has a valid right of rescission. As explained Plaintiffs do not. Because Plaintiffs were never entitled to rescission under TILA, Plaintiffs' notice of rescission had no legal effect. *Dunn*, 844 F. 3d at 1006.

---

[10] Section 1602(w) was redesignated as 1602(x).

Second, even assuming *arguendo* that Plaintiffs did have a right of rescission—which they clearly do not—the TILA statute of limitations would bar their claim. "[A] borrower whose loan is secured with his 'principal dwelling,' and who has been denied the requisite disclosures" may "rescind the loan transaction entirely 'until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later.'" *Beach*, 523 U.S. at 412 (quoting § 1635(a)). "[T]he borrower's right of rescission 'shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first,' even if the required disclosures have never been made." *Id.* at 413 (quoting § 1635(f)).[11] "The violation 'occurs'

---

[11] A limited exception to the three-year period exists under § 1635(f):

[I]f (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

Nevertheless, even if there was a prior proceeding to enforce the provisions of § 1635 within three years after the date of consummation of the transaction (which

when the transaction is consummated." *Velardo v. Fremont Inv. & Loan*, 298 F. App'x 890, 892 (11th Cir. 2008). Nondisclosure is not a continuing violation for purposes of the statute of limitations when damages are sought. *Id.* (citing *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984)).

Thus, any right of rescission would have expired on November 3, 2008, three years after the loan closed. Plaintiffs did not mail their notice of rescission until August 22, 2016. Plaintiffs even admit in their response that the 3-year time limit has expired. (ECF No. 8 at 4.) Plaintiffs' argument that the loan was never consummated because they were not provided with all of the disclosures required by law fails because the right of rescission expires after three years even if the disclosures were never made. *See Beach*, 523 U.S. at 413.[12]

---

determined that there was a violation of § 1635), Plaintiffs' right to rescind would have expired, at best, one year following the conclusion of a judicial review or period for judicial review. This period has long since expired.

Although Plaintiffs asserted a claim for TILA violations in their case filed on July 16, 2013 to quiet title, the court dismissed Plaintiffs' claims with prejudice on December 6, 2013. *Altier,* No. 1:13-cv-164-MW-GRJ, ECF Nos. 26–28. Plaintiffs did not appeal the dismissal. *Id.*, ECF No. 29. Not only has there never been a finding of TILA violations as required for this exception to apply, Plaintiffs do not meet the time periods under this exception.

[12] Plaintiffs' vague assertion in their notice of rescission that they did not learn of the nondisclosure until 2015 "due to fraud," also does not render their attempt to rescind timely. The TILA statute of limitations may be equitably tolled where a debtor has been prevented from bringing suit due to inequitable circumstances, such as where a defendant has fraudulently concealed the cause of action from the plaintiff. *Velardo*, 298 F. App'x at 892 (11th Cir. 2008); *Carrillo v. Bank of New York*, No. 09-61642-CIV, 2009 WL 5708925, at *3 (S.D. Fla. Dec. 22, 2009). For equitable tolling to apply, however, there must be some "affirmative concealment on the part of the

In addition to Plaintiff's lack of legal entitlement to rescission under TILA, Plaintiffs are not entitled to injunctive relief under TILA. TILA does not "confer upon private litigants an implied right to an injunction or other equitable relief such as restitution or disgorgement." *Christ v. Beneficial Corp.*, 547 F.3d 1292, 1298 (11th Cir. 2008); *see Turner v. Bank of Am.*, N.A., No. 1:12-CV-03302-AT-JFK, 2013 WL 12109237, at *9 (N.D. Ga. July 3, 2013) (recommending that plaintiff's claim for injunctive relief for a violation of TILA be dismissed), *adopted*, 2013 WL 12110114, at *1 (N.D. Ga. Aug. 22, 2013). Notably, the state court already has issued a Certificate of Title in the foreclosure action. *See Fed. Nat'l Mortg. Ass'n*, No. 01-2014-CA-002751 (Fla. Alachua County Ct. Nov. 16, 2016).

---

lender—something more than mere nondisclosure." *Chevy Chase Bank, F.S.B. v. Carrington*, No. 6:09-cv-2132-Orl-31GJK, 2010 WL 745771, at *2 (M.D. Fla. Mar. 1, 2010). Courts have declined to apply equitable tolling where a plaintiff relies on the same allegations of fraud which constitute the TILA violation (such as failing to make certain disclosures) to prove fraudulent concealment. *Carrillo*, 2009 WL 5708925, at *3 (citing *Grinke v. Countrywide Home Loans, Inc.*, No. 08-23383-CIV, 2009 WL 2588746, at *2 (S.D. Fla. Aug. 24, 2009)). "[I]f failure to make TILA disclosures also tolled the limitations period for pursuing TILA claims, then the statute of limitations would be rendered meaningless because those non-disclosures are the very essence of a TILA violation in the first place." *Id.*

     Plaintiff's notice of rescission includes a vague and conclusory allegation of "fraud." None of Plaintiff's filings expand on this alleged fraud. There are no allegations suggesting how the lender affirmatively concealed anything from Plaintiff, other than by failing to make certain required disclosures. This does not plausibly suggest that equitable tolling should be applied in this case. *See Lefont v. SunTrust Mortg., Inc.*, No. 2:10-CV-036-RWS-SSC, 2011 WL 679426, at *6 (N.D. Ga. Jan. 27, 2011), *adopted*, 2011 WL 674749 (Feb. 16, 2011) (declining to equitably toll plaintiffs' TILA claim where plaintiffs asserted their loan was fraudulent and that defendant failed to provide certain disclosures without any other allegations to demonstrate that defendant fraudulently concealed the cause of action from plaintiffs).

Although Plaintiffs appealed to the First District Court of Appeal, the appeal was voluntarily dismissed on February 22, 2017 pursuant to Fla. R. App. P. 9.350(b). *Id.*

Plaintiffs' requests for injunctive relief essentially ask this Court to undo what the state court did in the foreclosure proceedings. Under the *Rooker-Feldman* doctrine district courts are precluded from exercising appellate jurisdiction over final state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Industs. Corp.*, 544 U.S. 280, 283–84 (2005) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923; *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1986)).

Finally, to the extent Plaintiffs' request may be construed as seeking statutory damages unrelated to rescission under TILA, Plaintiffs' claims for damages also would be time-barred. An action seeking damages for a violation of TILA must be brought within one year after the violation. § 1640(e). When the violation is nondisclosure, the violation occurs when the transaction is consummated. *See Velardo*, 298 F. App'x at 892. Because the loan transaction was completed in 2005, any claim Plaintiffs may have for damages under TILA would now also be time-barred. Plaintiffs' assertion that they discovered the nondisclosures in 2015 does not change the outcome. While affirmative concealment may warrant equitable tolling,

as discussed above, Plaintiff has not plausibly alleged any facts supporting equitable tolling. *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted.").

## IV.  RECOMMENDATION

Accordingly, for all of the reasons discussed above, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, ECF No. 6, should be **GRANTED** and the case should  be **DISMISSED**.

**IN CHAMBERS**, this 29th day of March, 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.